Annie S. Wang (CA SBN 243027)
*annie@wangalc.com*
J. Andrew Coombs, Of Counsel (CA SBN 123881)
*andy@wangalc.com*
Wang Law Corporation
1150 Foothill Boulevard, Suite E
La Cañada Flintridge, California 91011
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiff
Canadian Standards Association

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Canadian Standards Association,<br><br>        Plaintiff,<br>v.<br><br>Z Industrial Distribution Inc., Abel Fernandez, Q-Lok Industries d/b/a Q-Lok Pro, David Forrester d/b/a Q-Lok Industries d/b/a Q-Lok Pro, and Does 1-10, inclusive,<br><br>        Defendants. | Case No. 8:20-cv-00096-JVS-JDEx<br><br>JUDGMENT PURSUANT TO ENTRY OF DEFAULT |

This cause having come before this Court on the motion of Plaintiff Canadian Standards Association ("CSA" or "Plaintiff") for entry of default judgment and a permanent injunction against Defendants Z Industrial Distribution Inc., Abel Fernandez, Q-Lok Industries d/b/a Q-Lok Pro, and David Forrester d/b/a Q-Lok Industries d/b/a Q-Lok Pro (collectively "Defendants");

AND, the Court having read and considered the pleadings, declarations and exhibits on file in this matter and having reviewed such evidence as was presented in support of Plaintiff's Motion;

AND, GOOD CAUSE APPEARING THEREFORE, the Court finds the following facts:

Plaintiff owns or controls the pertinent rights in and to the following certification marks: CSA® (Reg. No. 971065 issued October 16, 1973) and ⓈⓅ® (Reg. No. 967896, issued September 4, 1973), among others (the "CSA Marks").

All of the CSA Marks are current and in full force and effect.

As a direct result of Plaintiff's longstanding use, sales, advertising and marketing, the CSA Marks have acquired secondary and distinctive meaning among the public who have come to identify the CSA Marks with Plaintiff and its certification standards. The CSA Marks have become incontestable pursuant to 15 U.S.C. § 1065.

Defendants import, manufacture, promote, distribute and sell extension cord connectors and related products bearing counterfeit copies of the CSA Marks to the general public ("Infringing Product").

Defendants have intentionally and falsely advertised their Infringing Product in interstate commerce as being certified by CSA, or otherwise meeting and exceeding CSA standards, which were material statements of fact which actually or had the tendency to deceive the public, injuring Plaintiff.

Through their actions, Plaintiff is irreparably damaged through consumer confusion and loss of goodwill attributed to its valuable certification marks.

Defendants, without authorization from Plaintiff, have used copies of the CSA Marks in connection with the advertising and promotion for as well as on products and packaging which are not certified by Plaintiff. Defendants import, purchase, distribute, offer for sale and sell their Infringing Product and related merchandise bearing the CSA Marks in California and in interstate commerce. Defendants have and are likely to cause confusion, deception and mistake as to the source and origin of the Infringing Product and related merchandise in that the buying public may conclude that the products sold by Defendants are certified, authorized, sponsored, approved or associated with Plaintiff.

Defendants' use in commerce of the CSA Marks in connection with the promotion and sale of the Infringing Product and related merchandise is an infringement of Plaintiff's registered certification marks in violation of 15 U.S.C. §§ 1114(1) and 1125.

Defendants have profited from their unlawful activities.  Unless Defendants' conduct is enjoined, Plaintiff and its goodwill and reputation will continue to suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.  Accordingly, Plaintiff seeks and is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

Defendants committed the acts alleged in the Complaint intentionally, fraudulently, maliciously, willfully, wantonly and oppressively with the intent to injure Plaintiff and its business.

The liability of the Defendants in the above-referenced action for their acts in violation of Plaintiff's rights is knowing and willful, and as such, the Court expressly finds that there is no just reason for delay in entering the default judgment and permanent injunction sought herein.

Therefore, based upon the foregoing facts, and

GOOD CAUSE APPEARING THEREFORE, THE COURT ORDERS that this Judgment shall be and is hereby entered in the within action as follows:

1) This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., as well as 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

2) Service of process was properly made on the Defendants.

3) Defendants have made unauthorized uses of the CSA Marks or substantially similar likenesses or colorable imitations thereof.

4)     Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of the Injunction are hereby restrained and enjoined from:

    a)  further infringing the CSA Marks either directly or contributorily, in any manner, including generally, but not limited to importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by CSA, including, but not limited to extension cord connectors and related products, bearing any simulation, reproduction, counterfeit, copy or colorable imitation of any of the CSA Marks ("Unauthorized Products"), including but not limited to any of the aforementioned activities carried out over the internet, and, specifically from:

        i)  using any simulation, reproduction, counterfeit, copy or colorable imitation of any of the CSA Marks in connection with the importation, promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation or distribution of Unauthorized Products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff, or to any goods certified, approved by, or connected with Plaintiff;

        ii)  making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed or sold by Defendants are in any manner certified, associated or connected with Plaintiff, or are sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

        iii) engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of any of Plaintiff's trademarks or of

    Plaintiff's rights in, or to use or to exploit, said trademarks, or constituting any dilution of any of Plaintiff's names, reputations, or good will;

  iv) effecting assignments or transfers, forming new entities or association or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein;

  v) secreting, destroying, altering, removing or otherwise dealing with the Unauthorized Products or any books or records which may contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting or displaying of all unauthorized products which infringe any of the CSA Marks;

  vi) aiding, abetting, contributing to or otherwise assisting anyone from infringing upon the CSA Marks; and

  vii) engaging in any of the aforesaid prohibited activities over the Internet.

b) "persons in active concert and participation" as described in para. a) includes but is not limited to internet search engines that identify the Defendants' websites or seller accounts in response to searches for the CSA Marks (either through paid or non-paid listings), payment provider services that provide payment services to Defendants or their websites or seller accounts, web hosts that host content for Defendants or their websites or seller accounts, and registrars that hold domain names for the Defendants or their websites.

5) Defendants are ordered to deliver for destruction all Unauthorized Products, including extension cord connectors, labels, signs, prints, packages, dyes, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing any of the CSA Marks or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same.

6) Defendants are ordered to pay damages to Plaintiff pursuant to 15 U.S.C. § 1117 in the sum of Two Hundred Thousand U.S. Dollars ($200,000.00).

7) Defendants are ordered to pay interest on the principal amount of the judgment to Plaintiff at the statutory rate pursuant to 28 U.S.C. §1961(a).

8) This Judgment shall be deemed to have been served upon Defendants at the time of its execution by the Court.

9) The Court finds there is no just reason for delay in entering this Judgment and, pursuant to Fed. R. Civ. P. 54(a), the Court directs immediate entry of this Judgment against Defendants.

10) The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Judgment.

DATED: November 30, 2020

_____
Hon. James V. Selna
United States District Judge